## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CITY OF OMAHA, NEBRASKA, a Municipal Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 8:07CV157 |
| FIGG BRIDGE ENGINEERS, INC. and FIGG ENGINEERING GROUP, | ) ) ) ) | ORDER |
| Defendants. | ) | |

    This matter is before the court on plaintiff's request that trial be held in Omaha and opposition to defendants' request that trial be held in Lincoln [9]. As discussed below, the court finds that trial should be held in Omaha.

### BACKGROUND

    In early 2002, the City of Omaha ("City") contracted with the defendants (together, "Figg") for the design and construction of a pedestrian bridge over the Missouri River from Omaha, Nebraska to Council Bluffs, Iowa. The City terminated the agreement in October 2005 and filed this lawsuit for breach of contract in the Douglas County District Court (in Omaha) on March 30, 2007, seeking the return of over $3 million it had paid to Figg. Figg removed the matter to federal court pursuant to 28 U.S.C. § 14412(a) on April 26, 2007, requesting that the matter be tried in Lincoln, Nebraska. In response, the City filed the pending request for trial in Omaha and opposition to Figg's request for trial in Lincoln.

### DISCUSSION

    The matter of conflicting requests for place of trial is governed by NECivR 40.1(b)(2), which provides that "the judge shall consider the convenience of the litigants, witnesses, and counsel when deciding the place of trial."

    In general, the party seeking transfer bears the burden of establishing that the transfer should be granted. *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir.), *cert. denied*, 522 U.S. 1029 (1997); *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990). The movant must make a clear showing that the balance of interest weighs in favor of the movant. *See General Comm. of Adjustment v. Burlington N. R.R.*, 895

F. Supp. 249, 252 (E.D. Mo. 1995); *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Nelson*, 747 F. Supp. at 535 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm. of Adjustment*, 895 F. Supp. at 252; *see generally Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990). In order to prevail, the party seeking the change of venue must show that its inconvenience strongly outweighs the inconvenience the opposing party would suffer if venue were transferred. *See Nelson*, 747 F. Supp. at 535.

Because the plaintiff is the City of Omaha, Figg requested at the time of removal that trial be held in Lincoln "in an effort to eliminate any bias or prejudice that may exist in the prospective jury pool if this matter was assigned for trial in Omaha, Nebraska." Filing 3.

In support of its request for trial in Omaha, counsel for the City has identified 13 potential individual witnesses who reside in either Omaha or Council Bluffs, and four businesses that have offices in Omaha and whose employees will be witnesses at trial. Two other business entities are located in New York, New York and Denver, Colorado. Two entities are located in Lincoln. The documents concerning the issues in this case are located within the City's offices and at the offices of the various business entities. Filing 10 (Affidavit of William M. Lamson, Jr.).

Figg, in turn, identified six potential individual witnesses who reside in Lincoln and nine businesses that have offices in Lincoln and whose employees may be called as witnesses. Four[1] of the nine businesses also have offices in Omaha. Figg also identified eight individual witnesses and seven business entities located outside the State of Nebraska and advises that relevant documents are located within the defendants' offices in Tallahassee, Florida and Denver, Colorado, as well as the offices of the various business entities. Figg has also supplied three news items that were generated by Omaha newspapers and television stations prior to the filing of this lawsuit. Filing 14 (Affidavit of Edward H. Tricker).

It does not appear that either Omaha or Lincoln is a more convenient forum for any of the businesses or witnesses who are located outside Nebraska. The majority of the witnesses appear to reside in or near Omaha. The events giving rise to the lawsuit involve an Omaha city contract, the site of the proposed project is in Omaha, and this lawsuit was originally filed in Omaha, Douglas County, Nebraska. The news items offered by Figg do not demonstrate any particular bias or that a fair trial cannot be had in Omaha.

---

[1] The four businesses were identified by the City as having offices in Omaha.

Considering these factors, the court finds that the City has shown that its inconvenience strongly outweighs the inconvenience Figg would suffer if venue were transferred from Lincoln to Omaha.

**IT IS ORDERED** that plaintiff's request that trial be held in Omaha [9] is granted, and this case will be tried in Omaha, Nebraska.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. *See* NECivR 72.2(d).

**DATED August 30, 2007.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**