IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CITY OF OMAHA, NEBRASKA,** a Municipal Corporation, | ) ) ) | **CASE NO. 8:07CV157** |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| **FIGG BRIDGE ENGINEERS, INC.,** | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion for Partial Summary Judgment (Filing No. 67). For the reasons set forth below, the Court concludes that the City of Omaha ("City") has a single cause of action against Defendant Figg Bridge Engineers, Inc. ("Figg"), which is governed by the statute of limitations set forth in Neb. Rev. Stat. § 25-222 (Reissue 2005), but that the City may proceed under its six theories of recovery in the Amended Complaint.

## FACTS

Early in 2002, the Plaintiff City of Omaha ("City"), entered into an Engineering Agreement[1] with Defendant Figg Bridge Engineers, Inc. ("Figg"), a Florida corporation, for the design of a pedestrian bridge across the Missouri River. Figg acknowledges that it holds itself out to the general public, including the City, as a professional design firm having certain experience and expertise in the design of bridges, and that it had a professional duty to the City to exercise the skill, care and diligence of like professionals under similar circumstances and in a non-negligent manner. (Answer to Amended Complaint, Filing No. 66, ¶ 13-14).

---

[1]Filing No. 61-2., herein the "Agreement."

The City contends that Figg knew the City's budget for the bridge was $22.6 million, and, throughout the design process, Figg assured the City that the bridge could be built within that budget. When bids for the bridge project were opened on March 5, 2004, however, the lowest bid allegedly exceeded the City's budget by more than two hundred percent. The City terminated the Agreement on October 26, 2005, and allegedly demanded return of over $3 million paid to Figg. (Amended Complaint, Filing No. 61, ¶¶ 8, 10, 12, 14).

The City brought this action on March 30, 2007, in the Douglas County, Nebraska, District Court, and Figg removed the action to this Court on April 26, 2007, invoking the Court's diversity jurisdiction. (Filing No. 1). The City's Amended Complaint raises six claims: breach of written contract, breach of oral contract, negligent misrepresentation, professional negligence, breach of good faith and fair dealing, and unjust enrichment. (Amended Complaint, Filing No. 61, ¶¶ 15-49). The City seeks restitution and compensatory damages. (*Id.*, p. 7). Figg has moved for summary judgment on all claims except professional negligence, alleging that under Nebraska law all the City's other claims are subsumed in the claim for professional negligence.

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109 (8th Cir. 2006) (quoting *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005))*.* The proponent of a motion for

summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id*. at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id*. at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id*. at 249–50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp.*, 477 U.S. at 327.

The City suggests that Figg's Motion for Partial Summary Judgment is truly a motion to dismiss five of the City's claims and "should not be granted unless it appears beyond a

3

doubt that the plaintiff can prove no set of facts which would entitled him to relief." (Brief in Opposition to Defendant's Motion for Partial Summary Judgment, Filing No. 74, p. 2, quoting *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)). As Figg correctly notes, however, that standard of review for motions under Fed. R. Civ. P. 12(b)(6) was clearly retired and deemed "best forgotten" by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). In any event, both Figg and the City have submitted indexes of evidence for the Court's consideration in connection with the pending motion, which evidentiary materials have not been excluded by the Court. Accordingly, the motion "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12 (d).

## DISCUSSION

"'Federal district courts sitting in diversity . . . must apply the forum state's substantive law . . . .'" *PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008), quoting *Guardian Fiberglass, Inc. v. Whit Davis Lumber Co.*, 509 F.3d 512, 515 (8th Cir. 2007). Both the City and Figg acknowledge that Nebraska substantive law applies in this case.

A summary of relevant Nebraska statutes of limitations is helpful to place Figg's motion in proper perspective.[2] Under Nebraska law, actions on written contract can be brought within five years. Neb. Rev. Stat. § 25-205 (Cum. Supp. 2006). Actions on oral contracts, expressed or implied, can be brought within four years. Neb. Rev. Stat. § 25-

---

[2] Figg's Answer to Amended Complaint (Filing No. 66) raises a statute-of-limitations defense, but also acknowledges a "tolling agreement" between Figg and the City. (*Id.* at ¶ 29).

4

206 (Reissue 1995).  Actions for injury to the rights of the plaintiff, not arising on contract and not otherwise specifically enumerated in Nebraska's statutes, can be brought within four years.  Neb. Rev. Stat. § 25-207 (Reissue 1995).  Actions for relief not otherwise specified in Nebraska's statutes also can be brought within four years.  Neb. Rev. Stat. § 25-212 (Reissue 1995).  Actions for malpractice can be brought within two years.  Neb. Rev. Stat. § 25-208 (Reissue 1995).  Actions for professional negligence can be brought within two years.  Neb. Rev. Stat. § 25-222 (Reissue 1995):

> Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided* if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further*, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action.

*Id.* (emphasis in original).

"[T]he [Nebraska] Supreme Court has folded the malpractice statute of limitations (§ 25-208) into the professional negligence statute of limitations (§ 25-222).  The statutes apply to 'any professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties.'" *John P. Lenich*, Nebraska Civil Procedure 163 (Thomson West 2008) (quoting *Egan v. Stoler*, 653 N.W.2d 855, 859 (Neb. 2002); *Olsen v. Richards*, 440 N.W.2d 463, 465 (Neb. 1989); and *Colton v. Dewey*, 321 N.W.2d 913, 917 (Neb. 1982).

Engineers are professionals for purposes of Neb. Rev. Stat. § 25-222. *Board of Regents v. Wilscam Mullins Birge,* 433 N.W.2d 478, 483 (Neb. 1988); *Georgetowne Ltd. P'ship v. Geotechnical Servs. Inc.*, 430 N.W.2d 34, 38 (Neb. 1988). Section "25-222 contains the limitations period applicable to an engineer rendering professional services." *Lindsay Mfg. Co. v. Universal Sur. Co.*, 519 N.W.2d 530, 538 (Neb. 1994).

"If the plaintiff's claims are based on acts or omissions by a professional acting in a professional capacity, then they are subject to the statutes regardless of whether they are styled as claims for breach of contract, for breach of fiduciary duty, for failure to obtain informed consent, for battery, for fraud, for unjust enrichment, or for misrepresentation." *Lenich*, *supra* (citing *Nuss v. Alexander*, 691 N.W.2d 94, 98-99 (Neb. 2005) (action styled as one for assumpsit, breach of fiduciary duty, negligence, and breach of implied covenant of good faith and fair dealing); *Reinke Mfg. Co., Inc. v. Hayes*, 590 N.W.2d 380, 388-89 (Neb. 1999) (action styled as one based on contract and tort); *Hill v. Women's Medical Center of Nebraska*, 580 N.W.2d 102, 106 (Neb. 1998) (action styled as one for failure to obtain informed consent); *Gravel v. Schmidt,* 527 N.W.2d 199, 202 (Neb. 1995) (action styled as one for breach of contract); *Jones v. Malloy*, 412 N.W.2d 837, 841 (Neb.1987) (action styled as one for battery); *Colton v. Dewey,* 321 N.W.2d 913, 917 (Neb. 1982), and *Stacey v. Pantano*, 131 N.W.2d 163, 165 (Neb. 1964) (actions styled as ones for misrepresentation)).

In *Gravel v. Schmidt*, the case upon which Figg principally relies in its motion for partial summary judgment, the Nebraska Supreme Court said:

> In a series of cases concerning professional negligence, we have held that a plaintiff cannot separate a cause of action which arises primarily out of the

> professional's alleged negligence and label it something else in hopes of creating a different theory of recovery for the same act of negligence *in order to receive the benefit of a longer statute of limitations than the statute of limitations for professional negligence allows.*

527 N.W.2d at 202 (emphasis added).

In *Lincoln Grain, Inc. v. Coopers & Lybrand*, 345 N.W.2d 300 (Neb. 1984), the case upon which the City principally relies in opposition to the motion for partial summary judgment, the Nebraska Supreme Court acknowledged that "the dividing line between breaches of contracts and torts is often dim and uncertain," and that a negligent failure to perform contractual duties with "care, skill, reasonable expediency, and faithfulness . . . is a tort as well as a breach of contract." *Id*. at 304-05 (citing *Driekosen v. Black, Sivalls & Bryson,* 64 N.W.2d 88 (1954); 74 Am. Jur. 2d *Torts* § 24 (1974)).  In *Lincoln Grain*, the court deferred to the parties' election to try the case "as if it were one in tort." *Id*.  It can be inferred from *Lincoln Grain* that the plaintiff could have proceeded against the professional accounting firm under a contract theory.  It is clear, however, that the court applied the two-year statute of limitations applicable to professional negligence actions under Neb. Rev. Stat. § 25-222 for "any causes of action Lincoln Grain might have had for the alleged malpractice in conducting audits. . . ." *Id*. at 303.

The holdings in *Gravel* and *Lincoln Grain* are not inconsistent.  The City's action against Figg is governed by the two-year statute of limitations in Neb. Rev. Stat. § 25-222.  The City's six "claims for relief" are not six separate causes of action, but simply six theories of recovery on a single cause of action.  "A cause of action consists of the fact or facts which give one a right to judicial relief against another; a theory of recovery is not itself a cause of action.  Thus, two or more claims in a complaint arising out of the same

operative facts and involving the same parties constitute separate legal theories, of either liability or damages, and not separate causes of action." *Poppert v. Dicke*, __N.W.2d __, 275 Neb. 562, available at 2008 WL 1849166, at *3 (April 24, 2008) (citing *Keef v. State of Nebraska Dept. of Motor Vehicles*, 634 N.W.2d 751 (Neb. 2001)).[3]

While the City has one cause of action which is subject to the statute of limitations set forth in Neb. Rev. Stat. § 25-222, it is not precluded from proceeding on a variety of separate legal theories, of either liability or damages. If the City presents sufficient evidence to support its theories of recovery, a jury may be instructed on the elements of each such theory. At this juncture, Figg has not met its burden of demonstrating the absence of any genuine issue of material fact with respect to any of the City's theories of recovery, and its motion for partial summary judgment will be denied.

## CONCLUSION

The City has one cause of action against Figg, and that cause of action is subject to the statute of limitations for actions "based on alleged professional negligence or on alleged breach of warranty in rendering or failing to render professional services," under Neb. Rev. Stat. § 25-222. Genuine issues of material fact remain regarding the merits of the City's six theories of recovery, and Figg's motion for partial summary judgment on claims one, two, three, five and six is denied.

---

[3]In *Keef*, the Nebraska Supreme Court said: "Whether more than one cause of action is stated depends mainly upon (1) whether more than one primary right or subject of controversy is presented, (2) whether recovery on one ground would bar recovery on the other, (3) whether the same evidence would support the different counts, and (4) whether separate causes of action could be maintained for separate relief." *Keef,* 634 N.W.2d at 757-58 (citing *Gestring v. Mary Lanning Mem'l Hosp*. Ass'n, 613 N.W.2d 440, 452 (Neb. 2000)).

IT IS ORDERED:

1. The Plaintiff City of Omaha's cause of action against Defendant Figg Bridge Engineers, Inc., is governed by the statute of limitations for professional negligence, Neb. Rev. Stat. § 25-222 (Reissue 1995); and

2. The Defendant's Motion for Partial Summary Judgment (Filing No. 67) is otherwise denied.

DATED this 20th day of May, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge